IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TINA M. BIBLE,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-159**          (Fam. Ct. Grant Cnty. No. FC-12-2021-D-68)

**GREGORY E. BIBLE,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tina M. Bible appeals the "Final Divorce Order" entered by the Family Court of Grant County on March 30, 2023. Ms. Bible asserts that the family court abused its discretion by using the wrong method to determine the value of the marital home and that she was not given full credit for payments made on the mortgage. Mr. Bible filed a response that included one cross assignment of error, asserting that the family court erred by misinterpreting the section of the parties' prenuptial agreement ("Agreement") that addressed his retirement.[1] Ms. Bible filed a response to Mr. Bible's cross assignment of error.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, reversed, in part, and remanded to the family court with directions as set forth herein.

The parties entered into the Agreement on November 24, 2009. Regarding the marital home, the agreement stated the following in Section 4(c):

> In the event the parties divorce the real property will be retained by Greg Bible, with the exception that any payments made during the marriage ([principal] plus interest) will be split 50/50. The house is 2859 sq. ft. with replacement value of $125.00 sq. ft for a value of $357,375 plus 2.69 acres

---

[1] Ms. Bible is represented by Erica Brannon Gunn, Esq. Mr. Bible is represented by Nicholas T. James, Esq.

1

valued at $22,625.00, with the total value of the home and land at $380,000. The loan has 117 payments remaining and the payoff of the loan is acknowledged to be $80,000.00 at the time of marriage; monthly payment at [the] time of marriage is acknowledged to be $855.62. Should the home and land increase in value from the $380,000 base value, the increased value will be split 50/50 in the event of a divorce. Should the value decrease from the $380,000 the diminished value will not be split in the event of a divorce. Any improvements made to the home during the marriage will be split 50/50.

Regarding retirement, the Agreement stated in Section 7, "[t]hat each party shall waive any interest that they may have in the other parties' retirement fund. Greg Bible has approximately $16,500.00 at the time of marriage, and Tina Gilbert has no retirement at the time of marriage."

The parties were married on December 5, 2009, and separated on September 30, 2021. No children were born of the marriage. Ms. Bible filed her petition for divorce on October 14, 2021. A temporary hearing was held on December 16, 2021, during which the family court held that the Agreement was presumptively valid. The family court also determined that the marital home would be valued through the appraisal process rather than a valuation by square footage. The final hearing was initially scheduled for September 28, 2022. Some testimony was taken on that date, but the case was continued to January 31, 2023, to allow the parties to attend mediation.

In its September 28, 2022, hearing, the family court reiterated that the Agreement was valid. Additionally, the parties submitted individual appraisals, both of which were well below the $380,000.00 value that was included in the Agreement. Mr. Bible's appraisal valued the marital home at $275,000.00. Ms. Bible's appraisal valued the marital home at $345,000.00. The family court's order further noted that 117 mortgage payments were made at $855.62 each, and that only $16,500.00 of Mr. Bible's $31,000.00 retirement was excluded by the Agreement. Ms. Bible objected to the marital home's value being determined by appraisal rather than by replacement value, and Mr. Bible objected to his retirement being subject to equitable distribution.

At the January 31, 2023, final hearing the family court ordered that Mr. Bible's remaining $14,500.00 retirement amount be divided by Qualified Domestic Relations Order ("QDRO"). Ms. Bible again objected to the family court's decision to use the appraisal value for the marital home rather than using a square footage replacement value calculation, as provided in the Agreement. Additionally, the family court held that Ms. Bible was entitled credit for 50% of 117 payments on the mortgage at $855.62 per payment, for a total of $54,000.00. The final order was entered on March 30, 2023. It is from that order that Ms. Bible now appeals.

For these matters, we use the following standard of review:

2

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Ms. Bible raises two assignments of error on appeal, which we will address in turn. For her first assignment of error, she argues that the family court abused its discretion when it valued the marital home through a market appraisal process rather than by a square footage calculated replacement value as implied by the Agreement. We disagree. While the Agreement referenced square footage in expressing a pre-marriage value of the home, the Agreement did not expressly require the parties to use a particular method of determining the home's value in the case of divorce. The family court properly used the best evidence available (the parties' appraisals) to reach its determination of the home's value.

As to the family court's role in determining the value of the marital home, we first turn to *Whiting v. Whiting*, 183 W. Va. 451, 396 S.E.2d 413 (1990), which states:

> Equitable distribution […] is a three-step process. The first step is to classify the parties' property as marital or non-marital. The second step is to value the marital assets. The third step is to divide the marital estate between the parties in accordance with the principles contained in [W. Va. Code § 48-7-103].

*Whiting* 183 W. Va. at 452, 396 S.E.2d at 414, syl. pt. 1. Only step two is relevant here. West Virginia Code § 48-7-104(1) (2001) provides further direction by stating "[t]he [family] court shall: (1) [d]etermine the net value of all marital property of the parties as of the date of the separation of the parties . . . ." "[Net] value equals the fair market value of the property less the amount of any lien or encumbrance." *Tankersley v. Tankersley*, 182 W. Va. 627, 629, 390 S.E.2d 826, 828 (1990). Here, the family court determined the net value of the marital home based upon both parties' appraisals. Additionally, replacement value does not consider the home's depreciation, as does the appraisal process. Given the limited evidence available to the family court, we find no error in how it determined the marital home's value considering the Agreement's language.

For her second assignment of error, Ms. Bible argues that the family court failed to consider the full number of payments made toward the mortgage when crediting her half

of the payments for equitable distribution. The Agreement stated "[t]he loan has 117 payments remaining and the payoff of the loan is acknowledged to be $80,000.00 at the time of marriage; monthly payment at [the] time of marriage is acknowledged to be $855.62" and also states "any payments made during the marriage ([principal] plus interest) will be split 50/50."

In support of her assertion that she was not credited with 50% of the full number of payments, Ms. Bible states that the marital home was refinanced in 2013 and the monthly payment increased from $855.62 to $1,041.13. Therefore, the family court should have given her credit for fifty percent of forty-five payments at $855.62 and ninety-seven payments at $1041.13, which would make her share $69,746.25 rather than $54,000.00. We agree with this assignment of error, as the Agreement did not consider refinancing the mortgage but expressly provided that one-half of mortgage payments (including interest) would be credited as marital contributions to Ms. Bible. Therefore, we reverse and remand on this assignment of error with instructions for the family court to recalculate the parties' mortgage payment credits pursuant to the Agreement and include the increased mortgage payment amount in its determination as to what constitutes marital property subject to equitable distribution.

In his response brief, Mr. Bible included one cross assignment of error. Mr. Bible asserts that the family court erred by finding that Section 7 of the Agreement did not apply prospectively. Section 7 states "[t]hat each party shall waive any interest that they may have in the other parties' retirement fund. Greg Bible has approximately $16,500.00 at the time of marriage, and Tina Gilbert has no retirement at the time of marriage." The family court held that only the premarital $16,500.00 portion of Mr. Bible's retirement was excluded by the Agreement and ordered that the remaining balance of $14,500.00 be divided by Qualified Domestic Relations Order (QDRO). We agree with Mr. Bible for this assignment of error. The Agreement clearly and unambiguously states that each party waived any interest in the other's retirement. Therefore, we reverse the family court's ruling as to Mr. Bible's retirement. Pursuant to the Agreement, Ms. Bible should not receive any of Mr. Bible's retirement.

Accordingly, as to the family court's order entered on March 30, 2023, we affirm the ruling regarding the marital home's value being determined by the appraisal process. But we reverse the family court's ruling regarding Ms. Bible's share of mortgage payments and remand the matter to family court with directions to recalculate the amount owed to Ms. Bible. Lastly, we reverse the family court's ruling regarding Mr. Bible's retirement.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** December 27, 2023

4

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen